NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WASHINGTON WINDSOR,**
*Claimant-Appellant*

**v.**

**DOUGLAS A. COLLINS, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2026-1057

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 25-4564, Judge Scott Laurer.

---

Decided:  July 8, 2026

---

WASHINGTON YKJ WINDSOR, Saginaw, TX, pro se.

STEPHEN J. SMITH, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by WILLIAM JAMES GRIMALDI, PATRICIA M. MCCARTHY, BRETT SHUMATE; SCOTT J. SHOREMAN, Office of General Counsel, United States Department of Veterans Affairs, Washington, DC.

---

Before LOURIE, PROST, and STARK, *Circuit Judges*.

PER CURIAM.

Washington Windsor appeals from a decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") dismissing his petition for a writ of mandamus as moot and denying his motion to strike portions of the Secretary's response to his petition. *Windsor v. Collins*, 2025 WL 2437432, at *2 (Vet. App. Aug. 25, 2025) ("*Decision*"). For the following reasons, we *dismiss*.

## BACKGROUND

Windsor is a veteran with a combined disability evaluation of 100 percent, which means he is eligible for outpatient dental treatment under 38 C.F.R. § 17.161(h). As relevant here, Windsor received immediate complete upper dentures and immediate lower partial dentures on December 15, 2022. S.A. 27.[1]

Windsor became dissatisfied with his denture treatments, and on April 2, 2025 petitioned the Veterans Court seeking a writ of mandamus that would compel the Department of Veterans Affairs ("VA") to immediately implement certain other dental care and refer him to an oral surgeon. S.A. 42. The Veterans Court dismissed the petition, explaining that the issuance of Windsor's requested writ would not lead to a decision from the Board of Veterans' Appeals ("the Board") over which the Veterans Court would have jurisdiction. S.A. 42–44.

On June 3, 2025, Windsor filed another petition at the Veterans Court seeking a writ of mandamus that would compel VA to provide him with full upper-arch dental implants. *See* S.A. 36–37. The Secretary responded, arguing that the Veterans Court did not have jurisdiction over the

---

[1] "S.A." refers to the supplemental appendix filed by the government at ECF No. 13-2.

petition, and Windsor subsequently moved to strike portions of the Secretary's response. *See Decision*, 2025 WL 2437432, at \*1. In his motion to strike, Windsor generally argued that the Secretary had been untruthful and misleading, but also asserted that he "underwent successful full dental implant surgery in July 2025" with a private provider. *See* S.A. 9, 12. Windsor then requested "full coverage and reimbursement for the July 2025 implant surgery." S.A. 19 (footnote omitted).

The Veterans Court dismissed Windsor's petition, explaining that his admittedly successful dental implant surgery mooted his petition requesting the Veterans Court to order VA to provide him with dental implant surgery. *Decision*, 2025 WL 2437432, at \*2. The Veterans Court determined that Windsor's new requests raised in his motion to strike, including his request for reimbursement, exceeded the scope of his original petition, and the Veterans Court therefore did not address the merits of Windsor's request for reimbursement. *Id.* The Veterans Court also denied Windsor's motion to strike. *Id.*

Windsor timely appealed.

## DISCUSSION

Our jurisdiction to review decisions of the Veterans Court is limited. We may "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" and "interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(c). But we generally "may not review (A) a challenge to a factual determination, or (B) a challenge to a law or regulation as applied to the facts of a particular case." 38 U.S.C. § 7292(d)(2). Furthermore, we have jurisdiction to review a Veterans Court decision "on whether to grant a mandamus petition that raises a nonfrivolous legal question." *Beasley v. Shinseki*, 709 F.3d 1154, 1158 (Fed. Cir. 2013). In doing so, "we may determine whether the petitioner has satisfied the legal standard for issuing the writ," but "[w]e may not review the

factual merits of [a] veteran's claim" "or the application of veterans' benefits law to the particular facts of a veteran's case." *Id.*

As for the Veterans Court's dismissal of Windsor's petition for a writ of mandamus, we determine that Windsor points to no non-frivolous legal question which we have jurisdiction to review.

Windsor argues that VA erred in its purported "prolonged inaction" of failing to rule in a timely manner on his request for dental implants. *See* Open. Br. 17–23. To Windsor, VA's inaction runs afoul of the framework of 38 U.S.C. § 1712 and 38 C.F.R. § 17.161(h) that mandate "any needed dental care" for veterans with a disability evaluation of 100 percent. But Windsor does not present a non-frivolous legal argument explaining how that means the Veterans Court erred in dismissing his petition as moot. Indeed, Windsor specifically sought in his petition for the Veterans Court to compel VA to "authoriz[e] and facilitate[e] any medically necessary dental treatment required" under Windsor's entitlement. S.A. 40. The dental treatment was completed, as evidenced by Windsor's own assertion to the Veterans Court. S.A. 12. To the extent that Windsor seeks reimbursement for that treatment, as the Veterans Court pointed out, his petition at issue here did not seek such reimbursement and such a request therefore exceeds the scope of his petition. Windsor therefore presents no non-frivolous legal argument that we can review.

Although Windsor alleges that the Veterans Court erroneously interpreted 38 U.S.C. § 1712 and 38 C.F.R. § 17.161(h) in dismissing his petition, Open. Br. 8, we conclude otherwise. The Veterans Court did not interpret either provision, and indeed never evaluated or questioned Windsor's status or right to treatments under either provision. The Veterans Court merely determined that, because

Windsor had obtained the treatment sought to be compelled in his petition, the petition was moot. *Decision*, 2025 WL 2437432, at \*2.

Windsor also asserts in his briefs before us that the medical treatment he seeks remains incomplete. Open. Br. 15; Reply Br. 13, 21. That is contrary to Windsor's assertions before the Veterans Court, *see* S.A. 12, and, regardless, is a factual dispute over which we have no jurisdiction, *see* 38 U.S.C. § 7292(d)(2).

Finally, Windsor argues that the Veterans Court erred in denying his unopposed motion to strike. Open. Br. 23–25. Windsor again points to no interpretation of a statute or regulation by the Veterans Court that would afford us jurisdiction. To the extent Windsor alleges that the Secretary relied upon a legally insufficient declaration in its response brief before the Veterans Court, Open. Br. 28–29, Windsor did not make that argument before the Veterans Court in his motion to strike, *see* S.A. 6–21. We therefore cannot consider that argument. *See Scott v. McDonald*, 789 F.3d 1375, 1379–80 (Fed. Cir. 2015) (explaining that we lack jurisdiction to hear arguments not made before the Veterans Court, and first offered on appeal to this court).

Thus, because Windsor does not raise a non-frivolous legal question based on the Veterans Court's decision to dismiss his petition for a writ of mandamus, and points to no interpretation of a statute or regulation in its denial of his motion to strike, we lack jurisdiction over his appeal.

## CONCLUSION

We have considered Windsor's remaining arguments and determine that none raise an issue over which we can assert jurisdiction. We accordingly *dismiss*.

### DISMISSED

#### COSTS

No costs.